# LOUISA MANDRU vs. IDA ASHBY et al.

*Proof of Statute Law of Another State—Limitations Governed by the Law of the Forum.*

The Courts of this State do not take judicial notice of the statute law of another State, but the same must be proved in the mode designated by Code, Art. 35, sec. 53. The reading of such law to the Court in argument cannot supply the defect in proof.

Whether the Statute of Limitations is a bar to the claim sued on depends upon the law of the State where the suit is brought and not upon the law of the State where the contract was made.

In an action in this State on a note under seal executed in another State the period of limitations is governed by the law of this State.

*Decided November 20th, 1908.*

Appeal from the Circuit Court for Prince George's County (MERRICK, J.)

The cause was submitted to BOYD, C. J., BRISCOE, PEARCE, SCHMUCKER, BURKE, THOMAS, WORTHINGTON and HENRY, JJ., on briefs by:

*T. Van Clagett*, for the appellant.

No appearance for the appellee.

HENRY, J., delivered the opinion of the Court.

The appellant was an intervening petitioner in a creditor's suit instituted in the Circuit Court for Prince George's County, in Equity, by Mary Lovering and others against the appellee, the bill praying that a deed from Jordan L. Stanley to the appellee be set aside and that the property conveyed by said deed, or so much thereof as may be necessary, be sold for the payment of the debts of the decedent. The deed was set aside by the Court, the property sold and the claims of the creditors, originally suing, were satisfied and paid, but the claims

of the appellant, who was duly admitted as a co-plaintiff by the Court, were rejected, and from the decree she has appealed to this Court.

Her claims against the estate of Jordan L. Stanley are based upon two notes, filed as exhibits with her petition, and which are as follows:

$241.00　　　　　　　　　　　　　　　"Canton, O., July 3rd, 1896.

Ninety days after date, for value received, I promise to pay to the order of Mrs. Louisa Mandru two hundred and forty-one dollars with interest at the rate of 8 per. cent. centum per annum, at Strasburg, Ohio, interest payable annually, and I hereby authorize any attorney at law to appear in any Court of Record in the United States, after the above obligation becomes due, and waive the issuing and service of process and confess a judgment against me in favor of the holder hereof for the amount then appearing due together with costs of suit, and thereupon to release all errors and waive all rights of appeal.

*J. L. Stanley (Seal)."*

The second note was as follows:

$7.00　　　　　　　　　　　　　　September 8th, 1892.

One day after date I promise to pay to the order of J. Mandru seven dollars at

Value received.　　　　　　　　　　　　J. L. Stanley."

On the back of this note was the following endorsement: "Pay to the order of Louisa Mandru.

*Simon Mandru*

Executor of Jos. Mandru,—without recourse."

It was admitted by the defendants that these notes were duly executed by Jordan L. Stanley, and it was satisfactorily established by proof that no payment had been made on either of them. The defense interposed to each is the plea of limitations, and as to the second of said notes, which is not under seal, it is conceded that such plea is a bar to the right of action. The note for $241.00, however, is under seal. The creditors bill was filed January 21st, 1905, and the petition of the appellant was filed August 29th, 1905, or less than ten years after the maturity of the note. The defendants took no testimony of any kind, but from the opinion of the Court (MERRICK, J.) printed in the record, we take the following: "These notes were made in Ohio, where as shown by the statute, read to the Court, private seals were abolished before

these notes were made, hence the attempt to adopt the printed seal, if the party did so attempt—and there is no proof that he ever did so attempt,—he was attempting to do a thing that was against the law of Ohio and illegal, consequently, the act was absolutely null and void and illegal——if void and illegal there it will be so held here."

In this conclusion, we think the learned Judge below was in error. In the first place, there was no proof before the Court as to the law of Ohio on the subject of seals. Our Courts do not take judicial notice of the laws of another state, and the Ohio statute should have been proved as any other fact in the case. *Greenleaf on Evidence*, vol. 1, page 8.

Sec. 53, Art. 35, of the Code, provides for the manner in which such statutes may be proved, and the mere reading of the law to the Court in argument cannot supply this defect in proof. In the absence of such proof, the Court should have ignored the Ohio Law and based its decision on the evidence in the case according to the law of Maryland.

But even if the Ohio statute has been properly proved, and it had been shown that by it the use of seals in such State had been abolished we still think that in Maryland the note in question would have been regarded as a speciality, and subject to the laws of this State on the defense of limitations. In the case of *Trasher* v. *Everhart*, 3 G. & J. 154, a suit in *assumpsit* was brought in Maryland on a note, under seal, made in Virginia, and which, according to the laws of the latter State, was considered a simple contract and not a specialty. Notwithstanding the Virginia law, our Court held that *assumpsit* was not the proper form of action, as in Maryland the note was to be treated as a specialty.

While the *lex loci* controls the nature, construction and validity of the contracts, yet the remedy upon them is regulated by the law of the forum and throughout the United States it seems to be almost universally established that the defense of limitations is a matter of procedure to be controlled by the law of the place where the suit is instituted. 2 *Kent Com.*, 462; *Pritchard* v. *Norton*, 106 U. S. 124.

The note in this case, though executed in Ohio, by its terms authorizes a confession of judgment in any Court of record in the United States, evidently contemplating the contingency of the enforcement of the contract in some other State.

The plea is clearly unavailing in this suit, as limitations, under Maryland law, has not closed upon the demand.

> *So much of the decree appealed from as rejects the claim of the appellant is reversed with costs to the appellant above and below, and cause remanded for further proceedings.*