BELZEMIRE MAGUIRE, administratrix, *vs.* CHARLES H. REOUGH & another.

Essex.    January 14, 1921. — March 4, 1921.

Present: RUGG, C. J., DE COURCY, CROSBY, PIERCE, & JENNEY, JJ.

*Equity Jurisdiction*, Multiplicity of parties.

Equity has no jurisdiction of a suit for a breach of a contract merely because the breach relied on by the plaintiff was by a voluntary association whose members "are too numerous for all to be named parties to the present suit."

BILL IN EQUITY, filed in the Superior Court on May 6, 1918, and afterwards amended, against two defendants who were alleged to be "co-partners in a voluntary association under the name and style of United Brotherhood of Carpenters and Joiners of America, having an usual place of business in said Lawrence," to recover a death benefit, the plaintiff alleging "that all the co-partners in said voluntary association . . . are too numerous for all to be named parties to the present suit," and that "this action has been brought against the defendants as representing all the individual members of said voluntary association."

One of the two named defendants died while the suit was pending.

The defendants demurred. The demurrer was heard by *Bell, J.,* and was sustained and a final decree was entered dismissing the bill. The plaintiff appealed.

The case was submitted on briefs.

*M. A. Sullivan,* for the plaintiff.

*W. Coulson, J. A. Donovan & J. M. Hargedon,* for the defendant Reough.

DE COURCY, J. This suit was brought to recover a death benefit alleged to be due from a voluntary association known as the United Brotherhood of Carpenters and Joiners of America. The two defendants (one of whom has died since the suit was begun) are sued as copartners in said association.

The trial judge sustained the demurrer on the ground that the action should have been at law; and ordered that the bill be dismissed. The case is here on the plaintiff's appeal.

As a general rule, whenever a court of law is competent to take cognizance of a right, and has power to proceed to a judgment which affords a plain, adequate and complete remedy, a court of equity will not assume jurisdiction, because the defendant has a constitutional right to a trial by jury. 10 R. C. L. 274, 275. *Jones v. Newhall,* 115 Mass. 244. This limitation was expressly recognized in Gen. Sts. c. 113, § 2, which provided that the Supreme Judicial Court might "hear and determine in equity all cases hereafter mentioned, when the parties have not a plain, adequate, and complete remedy at the common law." General equity jurisdiction was conferred on this court later by St. 1877, c. 178, and on the Superior Court by St. 1883, c. 223; and on the recommendation of the commissioners, the above restrictive words were omitted from the statute, mainly on the ground that they were superfluous. 3 Commissioners' Report on Pub. Sts. c. 159, notes. *Glass* v. *Hulbert,* 102 Mass. 24, 33. *Stratton* v. *Hernon,* 154 Mass. 310. When the remedy at common law is thus complete, a party is still remitted to the law court, unless a remedy in equity is given expressly by statute. *Edgett* v. *Palmer,* 225 Mass. 377. *Thomas* v. *Burnce,* 223 Mass. 311. *Boise Artesian Hot & Cold Water Co.* v. *Boise City,* 213 U. S. 276, 281.

It is the very office of courts of law to afford redress in damages for breaches of contract. The chief ground on which the plaintiff asks the court of equity to take jurisdiction of this contract case is the alleged inadequacy of the legal remedy, because at law all the members of the labor union must be made parties defendant. But the remedy she seeks is a legal one for judgment and execution against the association for the death benefit of $300. We have merely a large number of persons alleged to be liable as partners for a single debt. If the plaintiff desires to hold each of them liable, there is nothing inequitable in requiring that each should have due notice and an opportunity to defend. If she is content to look to some of the members, they must supply her with the names of the others if they plead non-joinder. As to non-resident defendants see R. L. c. 170, § 14. Undoubtedly the necessity of joining all the members as defendants at law makes the expense of process greater than in equity, where a number of members may be made parties defendant as representatives of the class. *Pickett* v. *Walsh*, 192 Mass. 572, 590. But that does not constitute a subject for equity jurisdiction. She would be reimbursed in costs for the expense of service. In short the plaintiff's remedy at law is plain and adequate, and the defendants raised the objection seasonably. *Rogers* v. *Boston Club*, 205 Mass. 261. *Hale* v. *Allinson*, 188 U. S. 56. *Southern Steel Co.* v. *Hopkins*, 174 Ala. 465; Ann. Cas. 1914 B 697, note. *Whiting* v. *Burkhardt*, 178 Mass. 535.

*Decree affirmed with costs.*