WALTER POWERS, trustee in bankruptcy, *vs.* JAMES J. HEGGIE.

SAME *vs.* SAME.

Suffolk. March 11, 1929. — July 1, 1929.

Present: RUGG, C.J., CROSBY, PIERCE, CARROLL, & FIELD, JJ.

*Practice, Civil,* Simultaneous proceedings for same cause in law and equity. *Equity Pleading and Practice,* Abatement, Bill. *Equity Jurisdiction,* Adequate remedy at law, To recover dividends improperly paid by corporation, Conveyance in fraud of creditors. *Corporation,* Dividends, Officers and agents, Foreign. *Bankruptcy,* Rights of trustee.

The institution of simultaneous proceedings at law and in equity, between the same parties and based upon the same facts, does not require as matter of law that the court dismiss both proceedings or either of them.

While, if a plaintiff brings in the Superior Court simultaneously an action at law and a suit in equity based on the same facts, the court may be called upon to determine whether the two proceedings result from doubt or mistake as to the proper form of action, or whether the action or suit is vexatious and intended to harass and hector the defendant in his defence or whether such is the natural result of two or more proceedings for the same cause of action, and, if it be found that the prosecution of the two proceedings may impede the defendant, the court may require the plaintiff to elect between them, the mere pending of the suit in equity is not in itself a reason for abating the action at law, nor does the suit in equity abate merely by reason of the pending of the action at law.

A trustee in bankruptcy of a corporation simultaneously brought in the Superior Court an action at law and a suit in equity against a stockholder to recover the amount of dividends alleged to have been paid to the defendant unlawfully, and in the declaration in the action and in the bill in the suit alleged that he had brought both proceedings because he was in doubt whether his remedy was at law or in equity, and that, if successful in one, he would dismiss the other. *Held,* that

(1) The court properly might deny motions to dismiss and pleas in abatement in both proceedings;

(2) Upon a representation by the plaintiff, at the hearing of a demurrer in the suit in equity, that he was willing to discontinue the action, but, if he should do so and thereafter this court should decide that his right was at law and not in equity, the statute of limitations would bar his recommencing to prosecute his action at law, the court properly might cause to be entered an interlocutory decree "that the demurrer be sustained unless the plaintiff discontinue his action at law . . . within thirty days after rescript from the Supreme Judicial Court, and upon proof satisfactory to this court that said action at law has been discontinued, this demurrer is to be overruled," and then properly might report the suit to this court for determination of the correctness of such ruling.

In the bill in equity above described, the plaintiff averred in substance that the corporation paid the defendant four dividends between March 15, 1922, and February 1, 1923, when the corporation was "insolvent or on the verge of insolvency," and ten dividends between February 1, 1923, and August 1, 1925, when it was "insolvent" and that all fourteen dividends were paid when there was no surplus or assets from which dividends "might properly be paid." The defendant contended on demurrer that the term "verge of insolvency" was very indefinite and did not indicate that the assets remaining after payment of said dividends were insufficient to pay the debts and obligations of the then existing creditors, and that the allegation as to lack of surplus and assets from which dividends "might properly be paid" was an allegation of law and not of fact, and did not supply the necessary allegation of facts required in a bill in equity. *Held,* that the demurrer should be overruled, the allegation that ten of the dividends were paid while the corporation was insolvent being sufficient in form and rendering it unnecessary for the purpose of the case to determine the legal effect of the declaration and payment of dividends to the defendant while the corporation was "on the verge of insolvency."

A trustee in bankruptcy may recover in a suit in equity against a stockholder dividends paid by the corporation to the defendant while it was insolvent.

Where a remedy in equity is expressly given by statute, it is no objection to the jurisdiction of the court that the plaintiff has a remedy at law which is plain, adequate and complete.

The defendant contended that his demurrer to the bill in the suit above described should be sustained because there was no allegation of bad faith on the part of the defendant and no allegation that the defendant had knowledge as to the financial condition of the corporation, and that the good faith of the defendant must be presumed on demurrer in the absence of an allegation to the contrary; but it was *held,* that, even if the defendant in receiving the dividends acted in good faith and in a belief that they were earned and were paid out of profits, and had no knowledge that the corporation was insolvent or that the payment of the specific dividends would defeat, delay or defraud any existing creditor of the corporation, nevertheless the dividends received were mere gifts and the defendant was not thereby relieved from liability to the trustee in bankruptcy.

The trustee in bankruptcy was entitled to maintain the suit above described even though there was no allegation in the bill that there were outstanding at the time of the payments of the alleged dividends any obligations upon which claims were proved in the bankruptcy proceedings or that any creditor was in a position to attack the transfer.

A contention of the defendant, on demurrer in the suit above described, that a recovery would not prevent those creditors whose claims were outstanding at the time the dividend was paid, and who had not filed proof of claim, from instituting proceedings in their own right, and that the defendant might thus be subjected to a number of other suits for the recovery of the same dividends by persons who would not be barred by this suit of the plaintiff as trustee in bankruptcy, was *held* to be unsound.

Where one is in bankruptcy, it is only through the instrumentality of the trustee that creditors can recover and subject to the payment of their claims property which the bankrupt fraudulently transferred prior to the adjudication in bankruptcy.

In the bill in equity above described, it was alleged that the corporation was incorporated in the State of Delaware, and by demurrer the defendant contended that the absence of an allegation, that a remedy given by Delaware statutes against the directors had been exhausted, was fatal to the maintenance of the suit, because to permit the plaintiff, if the directors were liable and financially responsible, to recover against the defendant was to encourage multiplicity of actions and to impose a liability upon an innocent stockholder which should be borne by the guilty directors; but it was *held,* that, even if judicial notice of the law of Delaware were taken on the demurrer where there was no allegation respecting it in the bill, the statutory liability of the directors did not exonerate the defendant, who had received the dividends, from liability to repay them for the benefit of the creditors, the right which the plaintiff was seeking to enforce not being one peculiar to corporation law, but his right as trustee in bankruptcy to recover money fraudulently conveyed by the corporation and received without consideration by the defendant.

A contention by the defendant on demurrer, that the bill above described was defective because it was not therein averred that the dividends were illegal under the laws of the State of Delaware, was without force.

ACTION OF CONTRACT and BILL IN EQUITY, each begun by a writ of summons and attachment dated July 19, 1928.

The declaration in the action at law, as amended, was as follows:

"Between March 15, 1922, and August 1, 1925, when the said New England Guaranty Corporation was insolvent, the defendant as stockholder unlawfully received from its corporate treasury under the guise of dividends and as money had and received to the use of the plaintiff,

the same set forth in the account hereto annexed, to the damage of the said corporation and its creditors, as alleged in the writ.

"The plaintiff, being in doubt whether his remedy is at law or in equity, brings this action simultaneously with a suit in equity, which said suit in equity is a suit by the same plaintiff, against the same defendant, in the same court, and based on the same facts. He believes said suit in equity to be well-founded, and concedes that if he shall recover therein for the full amount, this action should then be dismissed; and he prays that this action and the said suit in equity may be heard together."

The account annexed stated merely "Dividends — $612.50."

All of the bill in equity excepting the last paragraph is described in the opinion. The last paragraph was as follows:

"8. The plaintiff, being in doubt whether his remedy is at law or in equity, brings this suit simultaneously with an action at law, which said action at law is an action by the same plaintiff, against the same defendants, in the same court, and based on the same facts. He believes this suit to be well-founded, and concedes that if he shall recover herein for the full amount, his action at law should then be dismissed; and he prays that this suit and said action at law may be heard together."

Other pleadings, and rulings and decrees ordered and reports made by *Qua*, J., in the Superior Court are described in the opinion.

*W. Powers,* (*A. C. Sullivan & W. White* with him,) for the plaintiff.

*H. W. Blake,* (*D. A. Rose* with him,) for the defendant.

PIERCE, J. These cases, one at law and the other in equity, come before us on reports from the Superior Court under the provisions of G. L. c. 231, § 111, and G. L. c. 214, § 30, respectively. They were brought simultaneously for the same cause of action, the plaintiff alleging that he is in doubt whether his remedy is at law or in equity. The declaration alleges that the plaintiff believes the suit in equity to be well-founded, and concedes that, if he should recover thereon for

the full amount, the action at law should then be dismissed, and prays that the action and the suit be heard together.

In the action the defendant seasonably filed a motion to dismiss and a plea in abatement, each based upon the pending of the suit in equity. The judge denied the motion to dismiss and overruled the plea in abatement, and reported the case to this court.

In the suit in equity the defendant seasonably filed a motion to dismiss and a plea, each based upon the pending of the action at law. He also filed a demurrer and assigned twenty causes therefor. The judge dismissed the motion and overruled the plea. He overruled all the assigned causes of demurrer except that of the pending of the action, ruled that the demurrer be sustained unless within thirty days the plaintiff should discontinue the action, in which case the demurrer should then be overruled. Subsequently, on the representation of the plaintiff that he was willing to discontinue the action, but, if he should do so and thereafter this court should decide that his right is at law and not in equity, the statute of limitations would bar his recommencing to prosecute his action at law, the judge entered an interlocutory decree upon the demurrer, in substance as follows: "that the demurrer be sustained unless the plaintiff discontinue his action at law in this court against the same defendant for the same cause of action, being number 212845 on the court docket, within thirty days after rescript from the Supreme Judicial Court, and upon proof satisfactory to this court that said action at law has been discontinued, this demurrer is to be overruled." The case was then reported to this court upon the "'rulings and orders,' the motion to dismiss, the decree dismissing such motion, the plea, the decree overruling the plea, the demurrer, and the decree upon the demurrer."

The declaration is on an account annexed for money had and received to the use of the plaintiff, and received under the "guise of dividends," by the defendant while a stockholder of the then insolvent New England Guaranty Corporation. The declaration, in substance, alleges that the action is based upon the same facts as are stated in a complaint in equity simultaneously filed.

In substance, the bill of complaint alleges (1) that the plaintiff brings the suit as he is trustee in bankruptcy of the New England Guaranty Corporation, which is organized and existing under the laws of the State of Delaware with a usual place of business in the city of Boston; (2) that the defendant at all times between March 15, 1922, and August 1, 1925, was a stockholder of both the preferred and common stock of the corporation; (3) that "At all times between March 15, 1922, and February 1, 1923, the corporation was insolvent or on the verge of insolvency," and that "At all times between February 1, 1923, and August 1, 1925, the corporation was insolvent," and that "At no time between March 15, 1922, and August 1, 1925, did the corporation have a surplus from which to pay dividends or any assets from which dividends might properly be paid"; (4) that "there were wrongfully withdrawn from the treasury of the corporation and paid to the defendant . . . as unlawful and improper dividends and as unauthorized reductions of the capital of the corporation . . . [on] April 1, July 1, October 1, 1922, January 1, April 1, July 1, October 1, 1923, January 1, April 1, July 1, October 1, 1924, January 1, April 1, July 1, 1925, dividend of $1.75 a share upon the preferred stock and $.25 a share upon the common stock on July 1, 1925, aggregating: $612.50"; (5) that at the time of each such payment of dividend or reduction of capital the corporation owed debts, which are still due and unpaid, to an aggregate amount greater than the aggregate amounts withdrawn and paid to the stockholder as aforesaid; (6) that the corporation is insolvent and in bankruptcy, it is impossible for any creditor to obtain judgment against it, but if any judgment were obtained it would be impossible for the corporation to pay the same; (7) that the plaintiff has duly demanded from the defendant the payment of the amounts of the aforesaid dividends or reductions of capital, but the defendant has neglected and refused to pay the same or any portion thereof. The prayer is that the defendant be ordered to pay the plaintiff the amounts received by him as hereinbefore stated, and for general relief.

In each case, disregarding the form adopted by the de-

fendant to present his requests that the action and the suit be dismissed, we find no error in the interlocutory decrees extending the time for discontinuance of the action at law, dismissing the motion to dismiss, and overruling the plea in the suit in equity. The institution of simultaneous proceedings at law and in equity, based upon the same facts, as matter of law does not require the court to dismiss both suits or either of them. In such a situation the court may be called upon to determine whether the two proceedings result from doubt or mistake as to the proper form of action, or whether the action or suit is vexatious and intended to harass and hector the defendant in his defence, or that such is the natural result of two or more proceedings for the same cause of action. Finding that the prosecution of two or more proceedings may impede the defendant, the court may require the plaintiff to elect between them. *Sandford* v. *Wright*, 164 Mass. 85. *Spear* v. *Coggan*, 223 Mass. 156. *Consolidated Ordnance Co.* v. *Marsh*, 227 Mass. 15. *Corey* v. *Tuttle*, 249 Mass. 135. The pending of a suit in equity is not in itself a reason for abating a similar action at law. *Colt* v. *Partridge*, 7 Met. 570, 576. *Mattel* v. *Conant*, 156 Mass. 418, 424. Nor does a suit in equity abate by reason of the pendency of an action at law for the same cause of action. *Corey* v. *Tuttle, supra.*

We shall consider the grounds assigned as reasons for the demurrer in the order in which they are argued on the defendant's brief. The first ground argued has to do with the dismissal of the law action or the suit in equity. It was within the power of the judge to sustain the demurrer unless the plaintiff shall discontinue his action at law within thirty days after rescript from the Supreme Judicial Court; and that power was properly exercised.

Under the second and fifth assigned grounds of demurrer the defendant contends that the bill of complaint does not allege sufficient facts to show the first four dividends paid between March 15, 1922, and February 1, 1923, at a time when the corporation was insolvent or on the verge of insolvency, were illegal. He bases this contention on his assertion that the term "verge of insolvency" is very indefinite and

does not indicate that the assets remaining after payment of said dividends were insufficient to pay the debts and obligations of the then existing creditors; and that the allegation in item 3 of the bill of complaint, that "At no time between March 15, 1922, and August 1, 1925, did the corporation have a surplus from which to pay dividends or any assets from which dividends might properly be paid" is an allegation of law and not of fact, and does not supply the necessary allegation of facts required in a bill in equity; citing *Drew* v. *Beard,* 107 Mass. 64, 73, *Nye* v. *Storer,* 168 Mass. 53, 55, and *Cosmopolitan Trust Co.* v. *S. L. Agoos Tanning Co.* 245 Mass. 69, 73. The bill of complaint sufficiently alleges in items 3 and 4 that eleven of the dividends were declared and paid to the defendant while the corporation "was insolvent," and that four others had been previously declared and paid to the defendant while it was "insolvent or on the verge of insolvency." The allegation in the declaration of payment of the dividends to the defendant while the corporation was insolvent was sufficient in form, and, that fact being admitted by the demurrer, it became unnecessary for the purpose of the case to determine the legal effect of the declaration and payments of dividends to the defendant while the corporation was on the verge of insolvency. See in this connection, *Parkman* v. *Welch,* 19 Pick. 231, 235, 236; *Blake* v. *Sawin,* 10 Allen, 340, 342; *Winchester* v. *Charter,* 12 Allen, 606, 609; *Gray* v. *Chase,* 184 Mass. 444, 449; *Briggs* v. *Sanford,* 219 Mass. 572, 574; *Smith* v. *Clark,* 242 Mass. 1; *Dorr* v. *Tracy,* 248 Mass. 201, 205.

The defendant in the third assigned cause argued contends that the plaintiff has an adequate remedy at law, and that the aid of a court of equity cannot be invoked where the relief sought is exactly the same as that which would be afforded by a judgment at law; citing *Jones* v. *Newhall,* 115 Mass. 244, *Maguire* v. *Reough,* 238 Mass. 98, and *Morse* v. *International Trust Co.* 259 Mass. 295. It is, however, well settled that creditors of an insolvent corporation may recover in a suit in equity against stockholders dividends paid to them by an insolvent corporation and have them applied in payment of their claims. *Vose* v. *Grant,* 15 Mass. 505. *Spear* v. *Grant,*

16 Mass. 9, 15.  *Lyman* v. *Bonney*, 101 Mass. 562.  *Reid* v. *Eatonton Manuf. Co.* 40 Ga. 98, 104.  *Garetson Lumber Co.* v. *Hinson*, 69 Ore. 605, 610.  Where the insolvent corporation has gone into bankruptcy the trustee is the proper party to recover such dividends back under section 70a of the bankruptcy act (30 U. S. Sts. at Large c. 541) which reads in part: "The trustee of the estate of a bankrupt . . . shall . . . be vested by operation of law with the title of the bankrupt . . . to all . . . property transferred by him in fraud of his creditors."  Under this act the trustee has both the title to such assets and all rights of creditors with respect thereto. *Gray* v. *Chase*, 184 Mass. 444, 450.  *First National Bank of Chicago* v. *Chicago Title & Trust Co.* 198 U. S. 280.  Section 70e of the bankruptcy act reads: "The trustee may avoid any transfer by the bankrupt of his property which any creditor of such bankrupt might have avoided, and may recover the property so transferred, or its value, from the person to whom it was transferred, unless he was a *bona fide* holder for value prior to the date of the adjudication.  Such property may be recovered or its value collected from whoever may have received it, except a *bona fide* holder for value."  Section 47a of the bankruptcy act as amended in 1910 (36 U. S. Sts. at Large c. 412) reads in part: "and such trustees . . . as to all property not in the custody of the bankruptcy court, shall be deemed vested with all the rights, remedies, and powers of a judgment creditor holding an execution duly returned unsatisfied."  Any doubt as to the legal effect of the payment of the dividends by the insolvent corporation is settled by § 4 of c. 109A, added to the General Laws by St. 1924, c. 147, which reads: "Every conveyance made and every obligation incurred by a person who is or will be thereby rendered insolvent is fraudulent as to creditors without regard to his actual intent if the conveyance is made or the obligation is incurred without a fair consideration," and any doubt that existed as to the forum in which to seek a remedy in cases of fraudulent conveyances is dissipated by St. 1924, c. 147, which provides for concurrent jurisdiction in law and equity for the purposes provided for by the act.  Where a remedy in equity is ex-

pressly given by statute it is no objection to the jurisdiction of the court that the plaintiff has a remedy at law which is plain, adequate and complete. *Maguire* v. *Reough, supra.*

The defendant, on the sixth, seventh, eighth, nineteenth and twentieth grounds assigned as causes of his demurrer, contends that the demurrer should be sustained because the bill does not allege bad faith on the part of the defendant, nor that the defendant had knowledge as to the financial condition of the corporation, and that the good faith of the defendant must be presumed on demurrer in the absence of an allegation to the contrary; citing *Hatch* v. *Bayley*, 12 Cush. 27, 30, *Barron* v. *International Trust Co.* 184 Mass. 440, 443, *Ayers* v. *Farwell*, 196 Mass. 349, 352, and *McDonald* v. *Williams*, 174 U. S. 397. As it is admitted by the demurrer that the corporation was insolvent when it declared eleven dividends and paid them to the defendant, that creditors of the corporation then existing still remain unpaid, and that the corporation is now insolvent and in bankruptcy, it follows that the payment of the dividends was fraudulent as to such creditors. The good faith of the defendant in receiving the dividends, his belief that they were earned and were paid out of profits, his absence of knowledge that the corporation was insolvent or that the payment of the specific dividends would defeat, delay or defraud any existing creditor of the corporation, could not change the fact that the dividends received were mere gifts, nor operate to relieve him from the obligation to return them to the corporation or to its creditors on demand. *Norton* v. *Norton*, 5 Cush. 524. *Blake* v. *Sawin, supra. Clark* v. *Chamberlain*, 13 Allen, 257, 260, 261. *Gray* v. *Chase, supra. Matthews* v. *Thompson*, 186 Mass. 14, 21. *Cushman* v. *Noe*, 242 Mass. 496, 502. *Dorr* v. *Tracy*, 248 Mass. 201. See *County of Morgan* v. *Allen*, 103 U. S. 498, 508, 509; *McDonald* v. *Williams, supra*, page 404; *Wood* v. *Dummer*, 3 Mason, 308, 321; *Lexington Life, Fire & Marine Ins. Co.* v. *Page & Richardson*, 17 B. Mon. 412. It is to be noted that in the case of *McDonald* v. *Williams, supra*, and in the remaining cases relied on by the defendant, the dividend was declared and paid by solvent cor-

porations, or the purchases were made while the vendee was solvent.

The defendant in the first, the eighteenth and nineteenth causes assigned for his demurrer contends that these causes should be sustained because it does not appear that there were outstanding at the time of the payments of the alleged dividends any obligations upon which claims were proved in the bankruptcy proceedings. It is not denied, and it sufficiently appears in the bill of complaint, that the plaintiff as trustee in bankruptcy of the corporation is the present representative of creditors of the corporation, who were such when the payments were made and who are still unpaid. The demurrer admits the allegation of the bill that "At the time of each such payment of dividend or reduction of capital the corporation owed debts which are still due and unpaid to an aggregate amount greater than the aggregate amounts withdrawn and paid to the stockholder as aforesaid." The trustee in bankruptcy is vested by operation of law with the title of the bankrupt to all property transferred by him in fraud of creditors. Bankruptcy act, § 70(a). The trustee represents all the creditors, and under bankruptcy act, § 70(e), may maintain an action to set aside any transfer which any creditor could or might acquire by any process taken by him, even though the complaint does not show that any creditors were in position to attack the transfer. *Bailey* v. *Wood,* 211 Mass. 37. *Baldwin* v. *Kingston,* 247 Fed. Rep. 163. *Bingaman* v. *Commonwealth Trust Co.* 15 Fed. Rep. (2d) 119, 120. *Beasley* v. *Coggins,* 48 Fla. 215. *Southard* v. *Benner,* 72 N. Y. 424, 429. *Ryker* v. *Gwynne,* 21 Am. Bankr. Rep. 95. *Federal Mining & Smelting Co.* v. *Wittenberg,* 55 Am. L. R. 1, note (page 120) and cases collected. The contention of the defendant, that a recovery in this case by the plaintiff would not prevent those creditors whose claims were outstanding at the time the dividend was paid, and who have not filed proof of claim, from instituting proceedings in their own right, and that the defendant might thus be subjected to a number of other suits for the recovery of the same dividends by persons who would not be barred by this suit of the

plaintiff as trustee in bankruptcy, is unsound. It is well recognized that, where one is in bankruptcy, it is only through the instrumentality of the trustee that creditors can recover and subject to the payment of their claims the property which the bankrupt fraudulently transferred prior to the adjudication in bankruptcy. *Belding-Hall Manuf. Co.* v. *Mercer & Ferdon Lumber Co.* 175 Fed. Rep. 335; 99 C. C. A. 123. *Glenny* v. *Langdon,* 98 U. S. 20. *Trimble* v. *Woodhead,* 102 U. S. 647.

The defendant, on the third and fourth grounds assigned as causes of his demurrer, contends that the bill does not allege that the remedy against the directors has been exhausted; that, under the laws of Delaware (General Corporation Law for the State of Delaware, § 35, and Del. Rev. Sts. c. 65, § 35), if the directors are liable and are financially able to respond to such liability, then to permit the plaintiff to recover against the defendant is to encourage multiplicity of action and to impose a liability upon the innocent stockholders which should be borne by the guilty directors. If it is assumed that under causes 9, 10 and 11 judicial notice is taken of the laws of Delaware, the statutory liability of the directors does not exonerate the defendant who has received dividends from liability to repay them for the benefit of the creditors. "The statute does not transfer the liability from the stockholders to the directors, but it creates a liability on the part of the latter in favor of the corporation or the creditors in certain events . . . . The stockholder who has received part of the capital by way of dividend, without legislative authority, has no right to it as against the creditors of the corporation, and no wrong is done him if he be compelled to repay it when it is required to pay the debts of the corporation . . . . But that provision does not, either in terms or by implication, exonerate the stockholders . . . . The remedy given by the statute is cumulative. The Legislature does not say that the stockholders shall be at liberty to keep the money, and that the creditors must have recourse to the directors alone." *Williams* v. *Boice,* 11 Stew. (N. J.) 364, 369. *Hayden* v. *Thompson,* 71 Fed. Rep. 60, 66. *Wood* v. *National City Bank,* 24 Fed.

Rep. (2d) 661, 663.  See *Melody* v. *Reab*, 4 Mass. 471, 472; *Commonwealth* v. *Rumford Chemical Works*, 16 Gray, 231, 232; *Gratz* v. *Redd*, 4 B. Mon. 178, 195.

The defendant, in support of the ninth, tenth and eleventh causes assigned, contends that his demurrer should be sustained because it does not appear that the dividends were illegal under the laws of the State of Delaware.   There is no force in this contention.   It is true that "Where the rights sought to be passed upon and determined are those which arise from the relation between a corporation and its members, they depend upon the local law which exists at the place of its creation."   *New Haven Horse Nail Co.* v. *Linden Spring Co.* 142 Mass. 349, 353.   The right which the plaintiff now seeks to enforce is not one "peculiar to corporation law, but merely an instance of a payment from an insolvent estate." *Wood* v. *National City Bank, supra.*   This suit is not based upon the statutory liability of stockholders to creditors, but is brought to enforce the common law right of creditors to follow and recover back money fraudulently conveyed by the corporation and received without consideration by the defendant.   See *Manning* v. *Campbell,* 264 Mass. 386, *Calkins* v. *Wire Hardware Co.* 267 Mass. 52, 60.

No cause of demurrer is found upon which to rest the argument that a stockholder's right to a dividend which has been declared is superior to the rights of creditors whose claims accrue subsequently.

Causes numbered 12, 13, 14, 15 are not argued and are treated as waived.   *Commissioner of Banks* v. *Cosmopolitan Trust Co.* 247 Mass. 334, 346.

We have examined and considered every cause assigned as a ground of demurrer that has been argued, and the cases cited by the defendant in support of his contention.   No error is discovered in the action of the trial judge.   The orders denying motion to dismiss and overruling plea in abatement are affirmed in the action at law.   The interlocutory decrees dismissing motion to dismiss and overruling plea and the interlocutory decree on demurrer are affirmed in the suit in equity.

*Ordered accordingly.*