RAYMOND M. DUVALL *v.* EDWARD L. ROBINSON
ET AL.

[No. 47, October Term, 1939.]

490

*Decided January 25th, 1940.*

The cause was argued before OFFUTT, PARKE, SLOAN, SHEHAN, and DELAPLAINE, JJ.

*Eldridge Hood Young,* with whom were *J. Calvin Carney* and *Raymond M. Duvall* on the brief, for the appellant.

*Randolph Barton, Jr.,* and *J. Crossan Cooper, Jr.,* with whom was *Robert Stinson* on the brief, for the appellees.

PARKE, J., delivered the opinion of the Court.

The single question which requires consideration on this appeal is the decision of the trial court that the directors' liability under the statutory provisions found in section 71 of article 11 of the Code (Supp. 1935), is an asset of the estate of the banking corporation in liquidation and is not available to a creditor directly. The question was affirmatively decided on the pleadings in an action at law brought by a creditor of an insolvent banking institution, in course of liquidation under a receivership within the jurisdiction and under the supervision of a court of equity. The plaintiff, who lost below,

was a creditor of the corporation, and defendants are certain of its directors who are charged with having wrongfully declared and paid dividends while the corporation was insolvent or in danger of insolvency, or was in such a financial condition that a dividend could not be paid without impairing or diminishing the corporate capital.

The material facts necessary for a comprehension of the case will now be stated. The Title Guarantee and Trust Company, a banking institution of the State of Maryland, became insolvent, and, on February 20th, 1933, was duly placed in the hands of a receiver, who proceeded with the administration of its affairs until, pursuant to the provision of article 11 of the Code of Public General Laws of Maryland, as amended by the Acts of Assembly of the State of Maryland of 1933, chapter 529, the board of directors of the company proposed and filed with the Bank Commissioner of Maryland a plan for the reorganization of the company within the contemplation of the statute. After due notice had been given to the creditors of the corporation and to the other parties specified by the law, the plan was approved and became effective.

The plaintiff, Raymond M. Duvall, filed his dissent to the plan and elected to take the liquidation value of his claim as creditor. The plaintiff later made application to the equity court, which had jurisdiction of the subject matter, to fix and determine the liquidation value of his claim as creditor. After this value had been found, the amount so ascertained was paid by the receiver to the plaintiff. *Supra,* section 9C.

The statute prescribed that the determination of the court shall be the present cash value of such objecting parties' (*sic*) interest on the basis of a judicial liquidation of said institution. Acts of 1933, chs. 46, 529.

In this determination, the court must include and evaluate every asset, claim or demand, subject to the prior liabilities of the institution, in order that, on the basis of a full and complete liquidation, the amount

which would become payable to the depositor or creditor would become known and ascertained, so far as the judicial process and procedure are capable. Thus, in this judicial finding, every asset and resource of the corporation, including the provisions for the benefit and use of the depositors and creditors, is taken into consideration and given its due value and weight in the liquidation and computation prescribed by the statute.

As one of the constituent factors in the determination of the liquidation value of the claim of a creditor or depositor are the provisions of section 71 of article 11 of the Code, which provides: "No dividend shall be declared or paid by the directors except out of the net profits or surplus in excess of its required capital properly applicable thereto, as provided in Section 70 of this Article, and if any such dividend shall be paid every stockholder receiving the same shall be liable to restore the full amount thereof, unless the capital and the surplus to the extent required by Section 70 is subsequently made good; and if the directors shall knowingly pay any dividend when the corporation is insolvent or in danger of insolvency, or not having reason to believe that there were sufficient net profits or surplus properly applicable thereto to pay the same without impairing or diminishing the said capital and surplus, otherwise than is authorized in Section 70 of this Article, they shall be jointly and severally liable to the creditors of the corporation at the time of declaring such dividends to double the amount thereof." Article 11, section 71, of 1935 Supplement to the Code; Code (1924), art. 11, sec. 71; Acts of 1933, chapters 46, and 528, 529.

The liability thus imposed upon delinquent directors is not for the benefit of a single creditor of the corporation to the exclusion of any other creditor of the same class, but is for the benefit and use of every one of the creditors of the corporation in accordance with their proper classification. The liability of the directors is by logic and on principle a corporate asset, since it does not arise from a statute which creates a new obligation. The sec-

tions which impose the double liability upon directors deal with fiducial duties which the directors were bound to observe and whose breach made them liable to the corporation. Hence, the statute increases a previously existing liability which the corporation or its legal representative, such as a liquidator or receiver, may enforce. *Infra; Glenn on Liquidation,* secs. 334-336. So, after the adjudication of insolvency of the banking institution and the appointment and qualification of a receiver in equity by the court, the enforcement of this liability against the directors is an office of the receiver. If the final liquidation of the affairs of the banking institution is terminated by its reorganization in accordance with the terms of the statute, and any creditor or depositor of the institution should decline to assent to the plan, which had become effective by a compliance with the provisions of the statute, the statutory liability of the directors for dividends improperly paid becomes an asset to be given its full prospectively realizable value in the finding of the liquidation value of the creditor's claim.

Thus the liquidation value of the claim of a creditor embraces, when found, the creditor's portion of the money value of the statutory liability of the directors in default. So, a creditor of a banking institution who has dissented from its plan of reorganization and has elected to take under the statute the judicially ascertained liquidation value of his claim, and has received this sum so adjudged, has been paid all that he is entitled to receive as a creditor. If it were permitted for the creditor to bring an action against the delinquent directors to recover the statutory double liability on account of his claim, the creditor would receive two payments where he is entitled to but one. The payments of the amount found to be the value of his claim would contain his portion of the amount collectible from the recreant directors; and this amount would be duplicated by a recovery on his action at law, if allowed to be prosecuted by him against the alleged recreant directors. *Glenn on Liquidation* sec. 438, pp. 617-619; *Nagel v. Ghingher,* 166 Md.

494

231, 241-243, 171 A. 65; *State v. Title Guarantee & Trust Co.*, 168 Md. 376, 378, 393-396, 177 A. 617; *Pritchard v. Myers*, 174 Md. 66, 75-79, 197 A. 620; Code, art. 23, secs. 92-95; Code (Supp. 1935), art. 23, sec. 87. Compare *Bartlett v. Smith*, 162 Md. 478, 160 A. 440, 161 A. 509.

It follows that, after a creditor has dissented from an effective plan of reorganization, all his former rights as creditor are merged in the judicial appraisal of the liquidation value of his claim as prescribed by the statute for his benefit and protection. The plaintiff has no right of action and the judgment must be affirmed.

*Judgment affirmed, with costs.*