Frank Biller et al., Appellees, v. Arthur Egan et al., Defendants. J. Arthur Evensen, Appellant.

Gen. No. 39,345.

Opinion filed May 4, 1937.

HARRY H. RUSKIN and HAROLD STERN, both of Chicago, for appellant; HERBERT L. HART and ABRAHAM J. HARRIS, both of Chicago, of counsel.

STEBBINS, McKINLEY & PRICE, of Chicago, for appellees; WILLIAM McKINLEY and PAUL E. PRICE, of counsel.

MR. JUSTICE SCANLAN delivered the opinion of the court.

Plaintiffs, as officers and members of Machinery Safe Movers and Riggers Union, Local 136, a voluntary association, filed their verified complaint, in their own behalf and on behalf of all of the members of said Local, against certain of the defendants, individually and as members of the International Association of Bridge Structural and Ornamental Iron Workers, a voluntary association, and also against J. Arthur Evensen, general vice president of the association, praying that an injunction issue restraining all of the members of the said association, its officers, agents and attorneys from forfeiting or attempting to forfeit the rights and privileges of members of Local 136 as members of the International Association; from suspending or attempting to suspend Local 136 from membership in the association; from interfering or attempting

to interfere in the management and affairs of Local 136 or the rights of the members thereof; from carrying out or attempting to carry out an order of suspension of the Local, and from penalizing or discriminating against it or any of its officers or members because of the filing of this complaint against it. All of the defendants were served with a written notice that plaintiffs would move for a temporary injunction. Defendant Evensen filed a special appearance for the sole purpose of making a motion to dismiss him and the membership of the International Association, its officers, agents and attorneys from the cause, on the ground that the court had no jurisdiction of him nor of the members of the association. The motion to dismiss was overruled and thereafter an order for a preliminary injunction, in accordance with the prayer of the complaint, was entered, from which Evensen, alone, files this "interlocutory" appeal.

The complaint states, in substance, that the International Association is a voluntary association of bridge structural and ornamental iron workers, shopmen riggers, machinery movers, stone derrickmen's and pile drivers' local unions; that Local 136 is a voluntary association of machinery and safe movers and riggers; that its members are members of the International Association; that the General President of the International Association, P. J. Morrin, dominates and controls the policy of the Executive Committee of the association; that he has, without just cause, "commenced and pursued a course of conduct evincing a definite hostile feeling toward the officers and members of Local 136," and during the year 1932, over the protest of the officers of the Local, took away from the Local certain jurisdiction; that he caused charges to be preferred against the Local and certain members thereof, and caused to be sent to the officers of the Local a letter informing them that charges had been filed

against it; that after consideration of the charges the General Executive Board of the association, so controlled by Morrin, suspended the Local, and that a copy of the charges and notification of the time and place for the trial of the charges has been sent to the officers of the Local union; that Morrin is prejudiced against the Local and by reason of his power and influence it would be impossible for the Local to obtain a fair trial; that by reason of the suspension of the Local, it and the members thereof have been and will be damaged and deprived of valuable rights; that plaintiffs represent all of the members of the Local; that said members are so numerous that it is impractical to join all in the prosecution of the instant suit; that the persons named as defendants "are made defendants herein as representatives of the membership of said International Association, the members of which are so numerous that it is impractical to include all of said members as defendants."

The affidavit of Evensen, attached to the motion to dismiss, states, in substance, that he is a resident of Chicago and a citizen of Illinois;

"That he is first General Vice President of the International Association of Bridge Structural and Ornamental Iron Workers (referred to as the International Association); that said International Association is a voluntary labor association whose affairs are governed by a constitution and made up of affiliated and chartered local bodies throughout the United States and Canada; that these local bodies are governed in turn by their several local constitutions and by-laws, which are adopted by the local membership and approved by the General Executive Board of International Association, in conformity with certain requirements of the said International Association constitution; their membership in said International Association is maintained by the payment of certain

fees and assessments; otherwise they possess complete autonomy in themselves, and locally their business is conducted by their officers, duly elected from the body of their membership, and they continue as such local autonomous bodies as long as they conform to and do not violate any of the requirements of the constitution of said International Association; that on October 26, 1936, the affiant was served with a notice, a copy of which is annexed hereto, marked Exhibit 'A,' and made a part of this affidavit.

"That as first General Vice President of the said International Association the affiant's duties are prescribed by Article XI of the constitution of the International Association, which provides as follows:

" 'GENERAL VICE PRESIDENTS.

" 'Section 1. It shall be the duty of the first Vice President to assist the General President in conducting the conventions of the International Association. In the absence of the General President he shall preside at conventions and discharge the duties of the General President at such conventions. The duties of the other Vice Presidents shall be the same in their respective numerical order.

" 'The General President shall assign to any of the General Vice Presidents any particular duty to assist him which in his judgment they are best able to perform in the interests of the Association regardless of their respective order of title.'

"Under said provision of the constitution of the International Association affiant has no authority to transact any business on behalf of said International Association; the work performed by the affiant for the International Association is under the specific direction of the General President thereof, and any authority of the affiant in connection therewith is limited to

the instructions given; that the affiant has never been designated, nor has he any authority to receive service of any process on behalf of the International Association.

"That the International Association has its principal and only place of business in Suite 1615, Syndicate Trust Building, St. Louis, Missouri; it does not have any regular or any place for the transaction of business in the State of Illinois, the reason for this being that it does not conduct any business in the State of Illinois; that upon receipt of the notice, Exhibit 'A,' and the complaint in this cause, attached thereto, affiant forthwith mailed the same to the General President of the International Association, and thereafter conferred with said General President in St. Louis, Missouri, where said General President instructed affiant to appear in this case specially for the purpose of filing the motion to which this affidavit is attached, and for no other purpose whatsoever."

Defendant Evensen (hereinafter called appellant) contends that the trial court erred in finding that it had jurisdiction over the membership of the International Association and in entering the preliminary injunction against the members of the association, its officers, agents and attorneys. Appellant first argues that defendants who are members of Local 136 are not representatives of the other members of the International Association and, therefore, making them defendants did not give the court jurisdiction over the members of the association. The equity of this contention must be conceded. In fact, plaintiffs, upon the oral argument, did not insist that defendants who are members of Local 136 fairly represent the rights and interests of the members of the International Association.

The real question in the case turns upon the further contention of appellant that naming him as a defendant was not sufficient to give the court jurisdiction over

the members of the International Association; that "the equity rule permitting the adjudication of the rights of all members of an association, although less than all are sued of record, requires that more than one member be a record defendant." Appellant cites, in support of this contention, Story's Equity Pleadings (9th ed.), wherein the author, in explaining the exceptions to the general rule that all parties whose rights are to be adjudicated must be before the court, states:

"The most usual cases arranging themselves under this head of exceptions are, (1) where the question is one of a common or general interest, and one or more sue, or defend for the benefit of the whole; (2) where the parties form a voluntary association for public or private purposes, and those, who sue, or defend, may fairly be presumed to represent the rights and interests of the whole; (3) where the parties are very numerous, and although they have, or may have separate, distinct interests; yet it is impracticable to bring them all before the court." (Sec. 97, p. 95.)

"The second class of cases, constituting an exception to the general rule, and already alluded to, is, where the parties form a voluntary association for public or private purposes, and those who sue or defend, may fairly be presumed to represent the rights and interests of the whole. In cases of this sort the persons interested are commonly numerous, and any attempt to unite them all in the suit would be, even if practicable, exceedingly inconvenient, and would subject the proceedings to the danger of perpetual abatements, and other impediments, arising from intermediate deaths, or other accidents, or changes of interest. Under such circumstances, as there is a privity of interest, the court will allow a bill to be brought by some of the parties on behalf of themselves and all the others, taking care, that there shall be a due represen-

tation of all substantial interests before the court. And such a bill must be brought on behalf of all the parties in interest; for if it be brought for the plaintiffs alone, it will not be sustained by the court for want of proper parties." (Sec. 107, pp. 107 and 108.) Appellant also cites *Martin v. Dryden*, 6 Ill. 187, 209–210, and *Guilfoil v. Arthur*, 158 Ill. 600, 605, where the above quotations from Story are cited with approval. Appellant argues that in view of the rule laid down by Story, "since this suit involves an association class suit, jurisdiction over the membership of the International Association cannot be obtained through jurisdiction over one member thereof." Counsel has not cited to us any case in which it has been directly held that in a suit like the instant one jurisdiction over the membership of the voluntary association cannot be obtained through jurisdiction over one member of the same. In *Fitzpatrick v. Rutter*, 160 Ill. 282, it was held that service upon the secretary of a voluntary association composed of many members, scattered throughout the United States and Canada, was sufficient to give jurisdiction of a suit in equity against the association. That case grew out of an indemnity claim of one of the members of the Switchmen's Mutual Aid Association of North America against the association. The appellant contended that it was a voluntary association and that to bring it within the jurisdiction of the court it was necessary to serve each of its members. While the court held that the facts showed that the association was a *de facto* corporation, nevertheless, it further held that if it were assumed that the association was a voluntary one, the service upon the secretary "was a sufficient notice to the association, and adequate service to give the circuit court jurisdiction." In *Warfield-Howell Co. v. Williamson*, 233 Ill. 487, a bill was filed against the manager of an insurance exchange and it was contended that complainant should have

brought a suit against each of the five or six hundred subscribers of the exchange for the pro rata share which each subscriber was liable to contribute to pay the loss. While the Supreme Court held that the evidence showed that the subscribers, by the express terms of their agreement, had constituted the manager of the association to be their agent and representative in actions or proceedings, nevertheless, the court further held that regardless of the agreement, and assuming the exchange to be a voluntary, unincorporated association, service upon the manager alone was sufficient to bind the entire membership. In support of its conclusion the court said (p. 496):

"If there were no express clause in the agreement authorizing the manager to appear for and represent all the subscribers in litigation against the members, it would still not be necessary, in an equitable proceeding against the association, to make all of its members parties and serve them with process. In such case the rule that all persons interested in the subject matter in controversy should be made parties would not apply, but the case would be controlled by an exception to that rule, that where the parties are numerous and it is impracticable to bring them all before the court, service upon a part, to act for the other members of the association as well as for themselves, will be a sufficient service upon the whole. (*Guilfoil v. Arthur,* 158 Ill. 600; *Fitzpatrick v. Rutter,* 160 id. 282; Story's Eq. Pl., sec. 111.) *There are many cases to be found where suits in equity have been sustained against voluntary unincorporated associations where service was had upon some agent, committee, manager or trustee, who in some sense might be said to represent the body of the membership."* (Italics ours.)

In *United Mine Workers v. Coronado Co.,* 259 U. S. 344, Mr. Justice Taft recognizes a growing liberality of equity, adapting itself to modern needs, to permit

representation by one person of many, too numerous to be sued.

Story states (*supra,* sec. 97, p. 95) that the purpose of the rule is that "those who sue, or defend, may fairly be presumed to represent the rights and interests of the whole." In the instant case the real test in determining whether the rule has been observed is not the number of persons who have been named as defendants, but the nature of the relationship of appellant to the parent body. Making the 150 or more members of Local 136 defendants would not comply with the rule, whereas the naming of appellant, alone, would seem to fully comply with the spirit and purpose of the rule. From the record the following facts appear: Appellant is a member of the International Association and its first general vice president. He is also a member of the executive council of the association. When he received a copy of the complaint and the notice that plaintiffs would ask for the issuance of a temporary injunction as prayed in the verified complaint, he "mailed the same to the General President of the International Association, and thereafter conferred with said General President in St. Louis, Missouri, where said General President instructed affiant to appear in this case specially for the purpose of filing the motion to which this affidavit is attached, and for no other purpose whatsoever." Appellant thereafter complied with the instructions. Upon the oral argument in this court the general counsel for the International Association made the argument for appellant, wherein he conceded that the International Association had notice of the instant action and a full opportunity to defend in the trial court, and that the sole purpose of invoking the jurisdictional question was the desire of the association to have the matter litigated in St. Louis, Missouri, where the association "had its principal and only place of business." When it is

borne in mind that the object of the representative rule, in actions of this kind, is that service must be had upon some one who fairly represents the rights and interests of the whole, and who will bring knowledge of the pendency of the action home to those responsible for the management of the affairs of the parent association, it seems idle to argue that the representative rule has not been fairly complied with in this case. Appellant is forced to contend that if, instead of appellant, the General President of the association had been made a defendant and served, the court would not have acquired jurisdiction of the association. The position of appellant is devoid of real merit and cannot be sustained.

We have considered the further contention of appellant that he "is not a 'representative' member within the meaning of the rule that the persons before the court may fairly be presumed to represent the rights and interests of all others over whom jurisdiction is sought," and find it without merit. The point made by appellant is that since no action or threatened action on his part is alleged in the complaint he cannot be presumed to represent the rights and interests of the persons whose action or threatened action is complained of. This contention overlooks the fact that the complaint alleges that appellant is made defendant "as representative of the membership of said International Association." If we are correct in our conclusion that he fairly represents the rights and interests of the association, relief may be granted against the association even though no action or threatened action on the part of appellant is alleged in the complaint.

Plaintiffs strenuously argue that no appeal lies from the order granting the temporary injunction because the only ground urged for reversal of the order is lack of jurisdiction of the membership of the International Association; that where a trial court, lacking jurisdic-

230

tion over the person of a defendant, erroneously proceeds, the remedy of the objecting party is by appeal after a final judgment is rendered. This contention has been elaborately argued by both sides, but in the view that we have taken of this appeal it is unnecessary for us to pass upon its merits.

The order of the superior court of Cook county appealed from, is affirmed.

*Order affirmed.*

·JOHN J. SULLIVAN, P. J., and FRIEND, J., concur.