BAYER & MINGOLLA CONSTRUCTION COMPANY, INC. *vs.*
CLARENCE R. STREETER & another.

Worcester. September 26, 1944. — June 4, 1945.

Present: FIELD, C.J., QUA, DOLAN, WILKINS, & SPALDING, JJ.

*Equity Pleading and Practice,* Parties.

In a suit in equity to enjoin one of the parties to a tripartite contract from prosecuting a claim thereunder against the plaintiff, another party thereto, failure to join the third party to the contract as a party to the bill required the sustaining of a demurrer to the bill.

A suit in equity was not to be retained, as to one of two defendants who did not demur to the bill, where a demurrer of the other defendant should have been sustained because of failure to join a third person as a defendant.

BILL IN EQUITY, filed in the Superior Court on April 28, 1943.

The suit was heard on the demurrer of Clarence R. Streeter, Junior, by *O'Connell, J.* An interlocutory decree confirming a master's report and the final decree were entered by order of *Donnelly, J.*

*S. A. Seder,* for the defendant Clarence R. Streeter, Jr.

*W. J. Moossa & H. J. Dumas,* for the defendant Clarence R. Streeter, submitted a brief.

*H. T. George & J. J. George,* for the plaintiff, submitted a brief.

SPALDING, J.   This is a bill in equity against Clarence R. Streeter (hereinafter called Streeter) and Clarence R. Streeter, Junior (hereinafter called Streeter, Junior). Streeter, Junior, filed a demurrer to the bill which was overruled by an interlocutory decree from which he appealed. From a final decree granting injunctive relief against Streeter, Junior, both defendants appealed.

At the outset it is necessary to decide whether the overruling of the demurrer of Streeter, Junior, was correct. The objects of this inartificially drawn bill are obscure and no useful purpose would be served by a detailed analysis of it. Very likely the demurrer should be sustained on the first ground which alleges a failure to plead sufficient facts to entitle the plaintiff to equitable relief. But it is not necessary to consider this because we think that the bill is bad on the fourth ground, which alleges that Eli Jacobson and M. Jacobson & Sons Trust were necessary parties and that the bill failed to make them parties.

It seems that the purpose of the bill, in so far as any can be ascertained, is to enjoin Streeter, Junior, from prosecuting an action at law against the plaintiff arising out of a contract dated March 14, 1941, on the ground that Streeter and not Streeter, Junior, was the party with whom the plaintiff contracted. But this was a tripartite contract purporting to be made by the plaintiff, Streeter, Junior, and Eli Jacobson. In order to adjudicate the rights and obligations under this contract, all the parties should be before the court. "It is a fundamental principle of equitable procedure that a court will not proceed to a final determination, which may affect third persons, without causing them to be made parties to the bill in order that after a hearing, at which they have had their day in court, their claims may be adjudicated." *Lawrence* v. *Smith,* 201 Mass. 214, 215. *Martin* v. *Smith,* 280 Mass. 101, 106. The

failure to name Jacobson as a defendant was therefore fatal and the demurrer should have been sustained.   In some circumstances a defect of this sort could be cured by an amendment to the bill.   We are of opinion that this procedure would not be appropriate here.

Streeter, however, did not demur to the bill and the question is whether it should be retained as to him.   We think that it should not.   With Streeter, Junior, out of the case another necessary party is lacking, and the court would not be in a position to determine which of the Streeters was the party to the contract of March 14.   It follows that the interlocutory decrees and the final decree are reversed. There should be entered an interlocutory decree sustaining the demurrer and a final decree dismissing the bill as to both defendants with costs.

*So ordered.*