MARGARET J. DONAHUE *vs.* MARCEL A. KENNEY & others.

Suffolk.   January 3, 5, 1951. — May 14, 1951.

Present: QUA, C.J., LUMMUS, WILKINS, SPALDING, & WILLIAMS, JJ.

*Equity Pleading and Practice,* Parties, Class suit, Plea.   *Voluntary Association.   Labor and Labor Union.*

In a class suit in equity in which certain individual defendants were joined as representative of the numerous membership of an unincorporated labor union, it was improper to name also the union itself as a defendant since it was not a legal entity and could not be made a party defendant.

The relationship between an international labor union and a local labor union affiliated with it, both being unincorporated voluntary associations, was such that it was necessary to bring the membership of the international union as well as that of the local union before the court in a suit in equity to obtain relief against expulsion of the plaintiff from both unions.

An allegation in a plea in a class suit in equity, that "other necessary and indispensable parties have not been personally served . . . and have not been joined as parties," was an insufficient pleading.

For the purposes of hearing on a plea in a suit in equity, facts alleged in the bill and not denied in the plea are to be taken as true.

In a class suit in equity against the members of an unincorporated international labor union, jurisdiction of the membership was acquired in the circumstances through personal service in Massachusetts upon a defendant named in the bill who was a resident here, was a vice-president and member of the general executive board of the union representing a district including Massachusetts, and acted in the matter involved in the suit "under the direction of" the general president and the general secretary-treasurer, nonresidents not served although named as defendants in the bill; the general president and the general secretary-treasurer were not indispensable parties and the want of service on them was immaterial.

BILL IN EQUITY, filed in the Superior Court on March 11, 1949.

A plea was heard by *Donnelly*, J. Decrees were entered sustaining the plea and dismissing the bill without prejudice. The plaintiff appealed.

*M. J. Dalton*, for the plaintiff.

*H. B. Roitman & R. M. Segal*, for the defendants.

WILLIAMS, J. This is a suit in equity wherein the defendants named are: "Hotel & Restaurant Employees and Bartenders International Union and Hugo Ernst, General President, Ed. S. Miller, General Secretary-Treasurer, and Marcel A. Kenney, First District Vice President individually and as officers thereof and as representative of the membership thereof and Waitresses Alliance Union Local No. 112 of the Hotel & Restaurant Employees and Bartenders International Union and Virginia DeGraan, May McCormack, Mildren Gratton, Irene Edmunds, Catherine McNabb individually and as officers and members thereof, and as representatives of the membership of said Local 112." The allegations in the bill are as follows. The plaintiff is a resident of Boston and at the time of the matters complained of was a member in good standing and business agent and financial secretary-treasurer of the defendant Waitresses Alliance Union Local No. 112 of the Hotel & Restaurant Employees and Bartenders International Union. She was also a member in good standing of the defendant Hotel & Restaurant Employees and Bartenders International Union. The international union is a voluntary, unincorporated association with its principal office and place of business in Cincinnati, Ohio. Local 112 is a voluntary unincorporated association chartered by and affiliated with the said international union and has its principal office and place of business in Boston. The defendant Hugo Ernst is of Cincinnati and is general president of the international union. The defendant Ed. S. Miller is also of Cincinnati and is general secretary-treasurer of the international. The defendant Marcel A. Kenney is of Longmeadow, Massachusetts, and is first district vice-president of the international for the New England area and is under the direction of the defendants Ernst and Miller. Of the other individual defendants,

DeGraan is a former president of Local 112, McCormack the present president, Edmunds the present vice-president, McNabb the present business agent and financial secretary-treasurer, and Gratton the present recording secretary. All of these defendants are of Boston. The above named officers of said local are joined as defendants and "as representatives of all the members of said local who are too numerous to mention in these proceedings." The "said members of said local are . . . members of said international; and . . . each such defendant is joined herein individually . . . and as representative of the membership of said international as well as of the membership of said local." On July 28, 1948, the defendant Miller in a letter to the defendant Ernst, the president of the international, charged the plaintiff with embezzlement while serving as secretary-treasurer of the local. Previously, on July 12, 1948, the defendant Kenney had told the plaintiff "You're through," and had taken control of the affairs of the local. After some correspondence with the plaintiff, the defendant Ernst on September 7, 1948, notified her that he found her guilty of the charges preferred and that she was fined $25 and expelled from the international union. The plaintiff appealed to the executive board. On November 9, 1948, she received a letter from the defendant Miller stating that her appeal had been denied. She prays that the proceedings in reference to her expulsion be vacated, that she be restored to membership in the international and the local, and that she be awarded damages.

It appears from the original papers in the case, which have been transmitted to us under the provisions of G. L. (Ter. Ed.) c. 231, § 135, as amended by St. 1941, c. 187, that personal service by subpoena was made on all of the individual defendants except Ernst, Miller, and McCormack, who was deceased. A plea in abatement was filed by all defendants averring "1. That no personal service has been made on the Hotel and Restaurant Employees and Bartenders International Union, a voluntary unincorporated association with headquarters at Cincinnati, Ohio. 2. That

no personal service has been made on the necessary and indispensable officers in that Hugo Ernst, the General President and Ed. S. Miller, the General Secretary-Treasurer of the International Union are not residents of the Commonwealth of Massachusetts and have not been personally or otherwise served within this Commonwealth.  3.  That other necessary and indispensable parties have not been personally served in this Commonwealth and have not been joined as parties to this suit."  An interlocutory decree sustaining the plea and a final decree dismissing the plaintiff's bill without prejudice were entered by a judge of the Superior Court, from which decrees the plaintiff has appealed.

The suit is brought on the theory of a class bill with the apparent purpose of bringing before the court two unincorporated voluntary associations, the international and the local unions hereinafter referred to as the international and the local.  See *Quinton's Market, Inc.* v. *Patterson*, 303 Mass. 315, 320.  The bill is wrongly entitled so far as naming the two unions themselves as parties defendant, *Herbst* v. *Fidelia Musical & Educational Corp.* 218 Mass. 174, 180, and allegations purporting to join them as parties may be disregarded.  *Reynolds* v. *Davis*, 198 Mass. 294, 300.  An unincorporated voluntary association is not a separate entity and cannot be made a party defendant.  *Pickett* v. *Walsh*, 192 Mass. 572, 589.  *Maguire* v. *Reough*, 238 Mass. 98.  See *Hanley* v. *American Railway Express Co.* 244 Mass. 248; *Members of Bakery & Confectionery Workers International Union* v. *Hall Baking Co.* 320 Mass. 286, 291, and cases cited.

The proper method of effecting the above purpose, the members of the union being too numerous to be all joined, is to join as parties defendant such individuals as are alleged to be and are fairly representative of the "class" composed of all the members.  *Reynolds* v. *Davis*, 198 Mass. 294, 300.  *Donovan* v. *Danielson*, 244 Mass. 432, 437.  It is this method which the plaintiff has attempted to employ in this case and the question is whether she has succeeded.  The legal effect of her attempt is challenged by the defendants' plea.

As we construe the plea, it does not question the effectiveness of the service on those individuals who are alleged to be and reasonably may be considered to be representative of the membership of the local. They are the present vice-president, business agent and financial secretary-treasurer, recording secretary, and the former president who was in office at the time of the plaintiff's expulsion. The controversy before us relates to service on representatives of the members of the international.

To obtain the relief that the plaintiff seeks it is necessary that the members of the international as well as those of the local be before the court and be subject to its decree. See *Malloy* v. *Carroll*, 287 Mass. 376; *Becker* v. *Calnan*, 313 Mass. 625.

It appears from the copy of the constitution of the international annexed to the plaintiff's bill that the international is "composed of an unlimited number" of local unions which are subject to the constitution, laws, and usages of the international. Where a local union exists and is in good standing, its members are also members of the international. There is nothing in the constitution permitting one to be a member of a local without also being a member of the international or to be a member of the international without being a member of the local except where there is no local union or the charter of such union has lapsed or been suspended. The plaintiff has been expelled from both the local and the international. The functions of the two unions are so interlocked that both unions as well as the plaintiff would be adversely affected by a decree binding on the members of one and not on those of the other.

It is not disputed that nonjoinder of necessary parties and failure of service on such parties may properly be raised by plea in abatement. *Jewett* v. *Tucker*, 139 Mass. 566, 578. *Warecki* v. *United States Fidelity & Guaranty Co.* 270 Mass. 233, 235. See *Montgomery* v. *Richards*, 275 Mass. 553; *Martin* v. *Smith*, 280 Mass. 101, 106; *Manfredi* v. *O'Brien*, 282 Mass. 458, 462. It is necessary that all parties who have an interest in the subject matter of the suit and

who may be affected by the decree be made parties so that future litigation may be avoided and complete justice done. *Cassidy* v. *Shimmin*, 122 Mass. 406, 409.  *Morse* v. *International Trust Co.* 259 Mass. 295, 300.  *Mann* v. *Bailen*, 293 Mass. 507, 512–513.  *Bayer & Mingolla Construction Co. Inc.* v. *Streeter*, 318 Mass. 311, 312.  *New England Peabody Home for Crippled Children* v. *Page*, 325 Mass. 663, 668.

Extended discussion of the paragraphs in the plea numbered 1 and 3 is not required.  We have already stated that the unions as such cannot be considered parties defendant. Paragraph 3, which avers that other necessary parties have not been joined or served, is insufficient as matter of pleading.  "The objection of want of parties, when taken by plea or answer, should give the names of the necessary parties where this can be done, and especially where it is peculiarly within the knowledge of the defendants.  Story, Eq. Pl. §§ 236, 238, 543."  *Case* v. *Minot*, 158 Mass. 577, 587–588.  In paragraph 2 it is alleged affirmatively that Ernst, the general president of international, and Miller, its general secretary-treasurer, are necessary and indispensable "officers" and that they have not been "personally or otherwise" served.  Although joined in the bill as parties defendant it is conceded that they have not been served. The question, therefore, is whether the failure of service on these two named individuals justified the trial judge in sustaining the plea.

The facts alleged in the bill and not denied in the plea are to be taken as true.  *Cole* v. *Wells*, 224 Mass. 504, 513. *Moran* v. *Manning*, 306 Mass. 404, 409.  *S. Solomont & Sons Trust, Inc.* v. *New England Theatres Operating Corp.* 326 Mass. 99, 110.  Story, Equity Pleadings (10th ed.) §§ 667, 694.  Fletcher, Equity Pleading & Practice (1902) § 280.  Whitehouse, Equity Practice (1915) § 254.

From § 88 of the international's constitution, to which constitution reference has already been made, it appears that the general president has broad powers both administrative and judicial.  Included in the latter is authority

to "regulate and decide" controversies and difficulties that may arise between members and their locals and to modify a "punishment pronounced" against a member of a local. He has authority to enforce discipline upon members of local unions and to render judgment on a case appealed to him. The duties of the general secretary-treasurer are those ordinarily vested in a secretary and a treasurer (§ 89 of the constitution). In addition to the general president and the general secretary-treasurer the "general" officers of the international (§ 85 of the constitution) are thirteen vice-presidents who constitute the "General Executive Board." Of these vice-presidents ten are elected from designated districts. It is provided that a vice-president so elected shall be a member of and "represent a Local Union from such district." An appeal lies to the general executive board from decisions of the general president relating to punishment which has been pronounced against a member. The defendant Kenney, who has been personally served in this case, is a vice-president and member of the general executive board representing the New England district which includes Massachusetts. In the bill it is alleged that he resides in Longmeadow; and that at the time of the plaintiff's expulsion he acted for the international "under the direction of" Ernst and Miller.

The general president and the general secretary-treasurer are of Cincinnati, Ohio.

It has been said that service should be made on a representative "whose relation . . . [to the organization] is such that it is reasonable to infer that the service of such process on him will be brought home to the union which he represents." *Christian* v. *International Association of Machinists*, 7 Fed. (2d) 481, 482. In *Moran* v. *International Alliance of Theatrical Stage Employees & Moving Picture Machine Operators*, 139 N. J. Eq. 561, it was held that jurisdiction of a union was acquired by service on a fourth vice-president residing in the jurisdiction. It was there said, at page 565, "process served within this state on an officer of the association who bears such relation to the association that it must

be presumed notice thereof will promptly reach the governing body of the association, is deemed to be sufficient." In *Biller* v. *Egan*, 290 Ill. App. 219, where service on the first general vice-president was held sufficient, it was said at page 229, "service must be had upon some one who fairly represents the rights and interests of the whole, and who will bring knowledge of the pendency of the action home to those responsible for the management of the affairs of the parent association." In *Ex parte Milner*, 250 Ala. 511, where service upon a vice-president and a director of an organization committee was held sufficient, it was said at page 517, "There is not only reasonable probability but practical moral certainty that the defendant, Congress of Industrial Organizations received actual notice of the pendency of the action." In *Bayci* v. *Rango*, 304 Ill. App. 203, service on the sixth vice-president and a member of an executive board of thirteen members was held sufficient. In *Unkovich* v. *New York Central Railroad*, 114 N. J. Eq. 448, the defendant International Longshoremen's Association was held properly represented by its New Jersey business agent upon whom service was made. In *Schluter* v. *Trentonian Publishing Co.* 4 N. J. Super. 294, jurisdiction was held to have been obtained over an international union by service on a representative sent to aid in a strike. See also *Newark International Baseball Club, Inc.* v. *Theatrical Managers, Agents & Treasurers Union*, 125 N. J. Eq. 575.

A consideration of these cases leads to the conclusion that fair representation may be found where the person or persons served bear such official relation to the governing body of the union that it may reasonably be anticipated that notice of the pending suit will be forwarded by these persons to that body.

In our opinion the defendant Kenney bears such official relation to the international. See *Ex parte Milner*, 250 Ala. 511. The trial judge has sustained the plea, implying by his decree a ruling that Ernst and Miller are indispensable parties. It seems to us that he was in error. However desirable it may be to have service on the general officers of a

great international union, the practical difficulties in obtaining such service are obvious. The similar difficulty in obtaining service on all the members of a voluntary unincorporated association led to the present equity practice of permitting service on representative members. The application of the rule governing this practice to specific cases depends in large measure on what, in the circumstances, is reasonable. The "real test in determining whether the rule has been observed is not the number of persons who have been named as defendants, but the nature of the relationship of appellant to the parent body." *Biller* v. *Egan,* 290 Ill. App. 219, 228. It appears unnecessary to require the plaintiff, who is resident in Massachusetts and who has served her subpoena on a regional vice-president and the local member of the general executive board of the international, to proceed further by serving other general officers located in another State. We conclude that Ernst and Miller are not indispensable parties and that the plea should have been overruled. As the final decree was based on the interlocutory decree sustaining the plea, both interlocutory and final decrees must be reversed.

*So ordered.*