WILLIAM ASKINAS *vs.* WESTINGHOUSE ELECTRIC CORPORATION & another.

Hampden.    March 2, 1953. — April 2, 1953.

Present: QUA, C.J., WILKINS, SPALDING, WILLIAMS, & COUNIHAN, JJ.

*Retirement.  Contract,* Of employment.  *Equity Pleading and Practice,* Parties.

A plea in abatement filed by trustees appearing specially in a suit in equity in which the bill described their trust as a corporation and named it as a defendant and purported service was made on it as such must be sustained where it appeared that the trust was not a corporation and that no service had been made upon the trustees. [105–106]

Discharge for lack of work of one employed at will and reëmployment of him after an interval of more than one year, during which "persons having less seniority than" he were hired by the employer for work which he "could have performed," did not show any "scheme" to "defraud" him of credit for his service prior to his discharge under a retirement annuity plan of the employer providing that if "an employee leaves or is discharged and re-enters the service, the years prior to re-entry are not counted . . . [to his credit] except [in the instance of] absence due to involuntary separation from the service not exceeding one year"; and upon retirement of the employee in question after a period of service following his reëmployment he was not entitled to benefits under the plan beyond those based solely on his later period of service. [106]

BILL IN EQUITY, filed in the Superior Court on September 8, 1948.

The plaintiff appealed from a final decree dismissing the bill entered after hearing by *Hudson, J.*

*Gerson Askinas*, for the plaintiff.

*John M. Hall*, (*G. d'Andelot Belin, Jr.*, with him,) for the defendant Westinghouse Electric Corporation.

WILLIAMS, J. This is a bill in equity against Westinghouse Electric Corporation, hereinafter called the defendant, and Westinghouse Electric Annuity Trust to recover the amount of retirement annuities to which the plaintiff alleges he is entitled. The case was submitted to a judge of the Superior Court on a statement of agreed facts and the answers of the defendant to the plaintiff's interrogatories. It appears that the plaintiff was employed by the defendant from May 2, 1916, to January 23, 1919; from September 9, 1919, to April 20, 1923; from September 2, 1924, to May 9, 1925; and from July 16, 1925, to July 14, 1932. On July 14, 1932, he was discharged for lack of work. Thereafter, although he applied for work, he was not reëmployed until November 10, 1933. From that date he worked continuously until October 1, 1945, when he was retired at his own request. In 1929 the defendant instituted a retirement program for its employees called "Westinghouse Electric Annuity Plan," which was to be administered by five trustees under an indenture of trust dated October 5, 1929. The plan provided for payment by the trustees from sums de-

posited with them by the defendant of annuities to employees who, while in the service of the company, should retire on reaching a specified retirement age, the amounts of the annuities being determined by length of service and wages received. One of the provisions of the plan was that "If an employee leaves or is discharged and re-enters the service, the years prior to re-entry are not counted as continuous service, except absence due to involuntary separation from the service not exceeding one year, in which event the period of absence is deducted, but prior service counts to his credit." On his retirement the plaintiff received $137.10 as a "lump sum payment in lieu of the small monthly payments calculated to be due . . . [him] under said plan." This payment was computed on a period of service from November 10, 1933, to October 1, 1945. If "the interruption in the plaintiff's employment for the period from July 14, 1932, to November 10, 1933, had not occurred . . . [he] would have been entitled" to an additional sum of $1,231.32.

It is alleged in the bill that the plaintiff's discharge by the defendant on July 14, 1932, and its failure to reëmploy him before November 10, 1933, were not in good faith and were "part of a scheme or plan" of the defendant and Westinghouse Electric Annuity Trust "to deprive or defraud him of his rights and benefits" under the annuity plan. It is stipulated by the defendant that "If material and for the purposes of this suit only, Westinghouse will not dispute the plaintiff's claim that during the said period of unemployment, certain persons having less seniority than the plaintiff were hired or rehired for work which the plaintiff could have performed."

Westinghouse Electric Annuity Trust is described in the bill as a corporation and it appears by the return of the deputy sheriff that service was made upon "the within named" trust by delivering in hand to "C. B. Dick, Manager and in charge of its business," a copy of the subpoena. The trustees under the said indenture appeared specially and filed a plea alleging that the trust is not a corporation and that no effective action has been taken to bring them

within the jurisdiction of the court. No action has been taken on this plea which appears to be intended as a plea in abatement. It should be sustained as the trust is not a corporation and no service has been made upon the trustees. The allegations in the bill purporting to join it as a party may be disregarded. See *Donahue* v. *Kenney*, 327 Mass. 409, 412. A final decree was entered dismissing the bill from which decree the plaintiff has appealed.

We may assume that the provisions of the annuity plan, which was established in 1929 when the plaintiff was in the employ of the defendant, became a part of his contract of employment. As it is not stated that he was employed for any definite term or to render any particular service, he could at any time leave his employment and the defendant at any time could discharge him. There is no evidence of fraud in his discharge on July 14, 1932. It is agreed that the reason for this discharge was lack of work. At that time he had not arrived at his retirement age and his rights under the retirement plan were terminated. There was no obligation on the part of the defendant to reëmploy him. When rehired in 1933, he again became entitled to the benefits of the retirement plan, but, as specifically provided by that plan, he was not entitled to be credited with his former periods of employment, the last of which had expired more than one year before the date of his reëmployment. We find no error in the final decree which dismissed the plaintiff's bill. An interlocutory decree should be entered sustaining the plea of the trustees of Westinghouse Electric Annuity Trust. The final decree is affirmed with costs of this appeal.

*So ordered.*