*Municipal Court of the City of Boston*

No. 391648

### JOHN RYAN

v.

### LOCAL No. 537——,
### A VOLUNTARY UNINCORPORATED
### ASSOCIATION

*Adlow, C. J.* Action at law to recover damages for breach of contract of employment, (*Spiegel, J.*) The defendant is described in the writ as:

"Local 537 of the United Association of Journeymen and Apprentices of the Plumbing and Pipe Fitting Industry of the United States and Canada, a voluntary unincorporated association whose officers are: Carl Wilson, President; Thomas Gilligan, Vice President; John E. Goodwin, Secretary Treasurer; John Brophy, Business Manager; D. Barns, Business Agent; J. J. Allen, Recording Secretary; and the following, who are members of the Executive Board: Thomas Gilligan, Joseph Savage, Charles Mackay, James Tiorano, and P. Mulligan; and the following, who are members of the Finance Board: J. O'Keefe, E. O'Brien, and William Cunniff, and other officers and members too numerous to mention."

For the purposes of this report and in the interest of brevity the voluntary unincorporated association mentioned above will hereinafter be referred to as Local 537.

In the indorsement on the back of this writ the officer serving same certified that he made a chip attachment of the property of Local 537 and that he "summoned it to appear and answer at court as within directed by delivering to John E. Goodwin, its Secretary-Treasurer, a summons together with an attested copy of this writ." It does not appear that

any other service of process was made in connection with this writ. The declaration entered in court pursuant to said writ alleges a breach of contract of employment by Local 537 with the plaintiff, John Ryan, and damages consequent thereto.

John E. Goodwin, Secretary Treasurer of Local 537, who alone received any form of service of the above writ, appeared specially and moved the court to dismiss the proceedings. The court allowed the motion to dismiss, and the plaintiff being aggrieved by the court's disposition of this motion, brings this report.

There was no error in the dismissal of these proceedings. While certain voluntary associations and business trusts may sue and be sued in their representative capacity by reason of specific statutory provisions, G. L. (Ter. Ed.) c. 182, §6, there is no inherent capacity to sue and be sued in groups of individuals sometimes called "artificial persons" or "unincorporated voluntary associations." *Tyler v. Boot and Shoe Workers Union*, 285 Mass. 54, 55, 56.

Whatever exceptions to the common law rule may be permitted by statute, a long line of decisions in this Commonwealth has proclaimed that an unincorporated labor union cannot be made a party defendant in an action at law. *Pickett v. Walsh*, 192 Mass. 572, 589. While there are circumstances under which suits involving representative or class interests may be maintained or defended by persons who are representative of the group concerned, the privilege is available only in proceedings in equity. *Spear v. H. V. Greene Co.*, 246 Mass. 259, 266-267. *Pickett v. Walsh*, 192 Mass. 572, 590. *Donahue v. Kenney*, 327 Mass. 409. Such a proceeding is without precedent in an action at law. *Rogers v. Boston Club*, 205 Mass. 261, 266; *Hale v. Allison*, 102 Fed. Rep. 270; *Maguire v. Reough*, 238 Mass. 98, 100; *Moustakis v. Hellenic Orthodox Church*, 261 Mass. 462.

Although the writ in issue names a great many persons as officers or as members of certain boards

of Local 537, it does not purport to include these persons as parties defendant in their individual capacities. Equally significant is the return of the deputy sheriff on the back of the writ which discloses that he attached a chip as the property of Local 537 and "afterwards on the same day summoned it to appear and answer at court as within directed by delivering to John E. Goodwin, its Secretary Treasurer a summons together with an attested copy of this writ."

It is obvious that this action at law is brought only against Local 537 and that no attempt had been made to make service on any person named in the writ in his individual capacity.

Such an action cannot be maintained. A voluntary unincorporated association is not a legal entity and cannot be sued in an action at law. *Donahue v. Kennedy*, 327 Mass. 409.

*Report dismissed.*

Lewiton, J. concurs in the result.

Charles G. Simon, for the plaintiff.

Walter R. Donovan, for the defendant.