Gelinas, J.
By complaint filed in the Northampton Division, Kim Putnam (plaintiff) sought damages from Bradlees, Inc. (defendant), alleging wrongful discharge (Count I), intentional infliction of emotional distress (Count II), slander (Count III) and libel (Count IV) resulting from her being discharged from Bradlees. A relative had availed himself of her employee discount to purchase two V.C.Rs on layaway in contravention of store policy, and, after a meeting with plaintiff in which discussion a managerial employee allegedly stated the behavior was “like stealing,” defendant was discharged. After deposing plaintiff, defendant filed a motion for summary judgment, with supporting memorandum, docketed June 2,1994. Plaintiff filed a motion to amend complaint June 16,1994. On July 20,1994, the parties filed a stipulation of dismissal as to counts II (intentional infliction of emotional distress) and IV (libel) of plaintiff’s original complaint, plaintiff filed a memorandum in opposition to defendant’s motion for summary judgment and defendant filed a memorandum in opposition to plaintiffs motion to amend.
After hearing argument regarding both motions the trial court judge allowed the motion for summary judgment and denied the motion to amend complaint. Plaintiff sought under Dist/Mun. Cts. R. A. D. A., Rule 8B to appeal the allowance of the motion for summary judgment. The trial court justice disapproved the 8B appeal under the provision of Rule 8B (c) and plaintiff then appealed under the provision of Rule 8C. After objection to this appeal on the grounds that the judge’s denial of the motion to amend complaint should also be submitted to the Appellate Division for determination, the trial court judge, upon submission of the statement and objections under the provisions of Rule 8C(e), approved the submission with provision that the denial for motion for leave to amend be included. We determine *160 that the trial court’s action on both motions are properly before us for review.
The Motion for Summary Judgment
Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to ajudgmentasamatter of law. Mass. R. Civ. E., Rule 56(c), Dist./ Mun. Cts. R. Civ. E., Rule 56 (c). A court should grant a party’s motion for summary judgment where there is an absence of evidence to support the case of the non-moving party shouldering the burden of proof at trial. Kourouvacilis v. General Motors Corp., 410 Mass. 706 (1991). The party opposing a motion for summary judgment must do more than raise vague and general allegations of expected proof. Community National Bank v. Dawes, 369 Mass. 550 (1976). A party moving for summary judgment in a case in which the opposing party will have the burden of proof at trial is entitled to summary judgment if it demonstrates that the party opposing has no reasonable expectation of proving an essential element of that party’s case, Kourouvacilis v. General Motors, Corp., supra.
Massachusetts law dictates that employees are generally considered at-will in the absence of any agreement or understanding that the employment will continue for a definite period. Employment at will is terminable by either the employer or the employee without notice, for almost any reason or for no reason at all.Jackson v. Action for Boston Community Dev., 403 Mass. 8, 9 (1988); Cort v. Bristol-Myers Co., 385 Mass. 300, 305 (1982); Askinas v. Westinghouse Elec. Corp., 330 Mass. 103, 106 (1953); Fenton v. Federal St. Bldg. Trust, 310 Mass. 609, 612 (1942). An at-will employee must prove that she was terminated “in retaliation for performing an important and socially desirable act, exercising a statutory right or refusing to commit an unlawful act” in order to prevail on a claim for wrongful termination. Glaz v. Ralston Purina Co., 24 Mass. App. Ct. 386, 390 (1987); De Rose v. Putnam Management Co., 398 Mass. 205, 209 (1986) (citing refusal to perjure oneself, price-fix, or violate state law as “socially desirable acts”). A review of the pleadings, depositions and affidavits on file reveal no error in the trial court judge’s determination that there was no genuine issue of material fact with regard to plaintiff’s employment status and that there was no reasonable expectation of proving an essential element of her case at trial or evidence to support Count I of her case at trial. Kourouvacilis v. General Motors Corp. supra. Defendant is entitled to summary judgment in Count I of plaintiff’s complaint.
Employers have a conditional privilege to disclose defamatory information about employees and former employees. Foley v. Polaroid Corp., 400 Mass. 82, 94-95 (1987). The privilege protects an employer’s statements of opinion and facts, and statements that the employer reasonably believes to be true. See Underwood v. Digital Equip. Corp., 576 F. Supp. 213, 217 (D. Mass. 1983); see also Judds. McCormack, 27 Mass. App. Ct. 167, 174-75 (1989). The privilege extends to “information which may turn out not to be true concerning an employee when the publication is reasonably necessary to serve the employer’s legitimate interest in the fitness of an employee to perform his or her job, e.g. letters of reference or evaluation.”Dexter’s Hearthside Restaurants. Whitehall Co., 24 Mass. App. Ct. 217, 222 (1987); see also Bratt v. I.B.M. Mach. Corp., 392 Mass, at 508, 509, 512-513 (1984). Furthermore, Ms. Putnam admits that her reputation was not injured by these rumors. In the instant case, Ms. Putnam’s slander claim arises from comments she claims were made by a Ms. Dougherty during the termination meeting. These statements as made are not actionable; as reported by plaintiff they referred to her brother’s actions, and those actions were analogized only. In addition, Ms. Putnam cannot prove that Bradlees published any information “maliciously,” Arsenault, 485 F. Supp. at 1379-80, or unnecessarily, unreasonably or excessively. Bratt, 392 Mass. At 509. In her affidavit, plaintiff suggests two witnesses who might be available to testify as to publication of the allegedly slanderous material, but she cannot iden *161 tify them as being able to identify who made the allegedly slanderous statements, she cannot identify them by full name, nor can she identify any of the managerial personnel making the alleged communications. We cannot say that she has done more than raise vague and general allegations of expected proof, Community National Bank v. Dawes, supra., and that there is a reasonable expectation of her proving an essential element of her case. Kourouvacilis v. General Motors, Corp., supra. As such, Ms. Putnam cannot prevail on her claim of slander and Bradlees is entitled to summary judgment on Count III.
The Motion to Amend Complaint
Plaintiff moved on June 16, 1994 to amend her complaint alleging breach of contract after defendant had filed motion for summary judgment but prior to argument thereon. The trial court justice heard argument on this motion on July 21, 1995.
After a responsive pleading has been filed or unless the pleading is one to which no responsive pleading is permitted, a party may amend a pleading only by leave of court or written consent of the adverse party, and leave shall be freely given when justice so requires. Mass. R. Civ. P., Rule 15(a), Dist./Mun. Cts. R. Civ. P., Rule 15. A court can and should deny a requested amendment which will be futile, Castellucci v. U. S. Fidelity and Guar. Co., 372 Mass. 288 (1977). A review of the pertinent pleading, deposition responses, affidavits and exhibits introduced with regard to the motion for summary judgment reveal that there was no abuse of judicial discretion in the denial of the motion to amend even given the invitation that leave should be “freely given when justice so requires.” Mass. R. Civ. P., Rule 15(a).
Given the foregoing, the denial of the motion to amend is affirmed.
Appellee’s motion for costs and attorney’s fees is denied.